IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD M. FLEMING, | ) | 4:12CV3036 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHELLE WOLFE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on initial review of Petitioner Richard M. Fleming's ("Fleming") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("Petition"). For the reasons explained below, Fleming's Petition is dismissed.

## I. BACKGROUND

According to this court's records, Fleming pled guilty to one count of health care fraud and one count of mail fraud on April 23, 2009. (*United States v. Fleming*, Case No. 4:07CR3005 (D. Neb.), Filing No. 176.) On August 20, 2009, the court sentenced Fleming to probation for a term of five years and ordered Fleming to pay $107,244.24 in restitution. (*Id.*) On September 11, 2009, Fleming filed a Motion to Vacate Under 28 U.S.C. § 2255 (the "2255 Motion"). (Case No. 4:07CR3005, Filing No. 183.) The court denied Fleming's 2255 Motion on October 9, 2009. (Case No. 4:07CR3005, Filing No. 187.) Fleming appealed that denial of relief, and the Eighth Circuit Court of Appeals denied Fleming a certificate of appealability on December 1, 2009. (Case No. 4:07CR3005, Filing No. 197.)

Fleming lives, and is therefore serving his term of probation, in Reno, Nevada. (Filing No. 1 at CM/ECF p. 1.) He originally filed his Petition on November 23, 2011, in the United States District Court for the District of Nevada. (*Id.*) In his Petition, Fleming argues vaguely that his criminal conviction was unconstitutional because he is innocent, and that the facts at trial and during his plea hearing do not

support his conviction. (*Id.* at CM/ECF pp. 1-5; *see also* Filing No. 1-2, Attach. 2.)[1]

## II. DISCUSSION

A federal prisoner challenging the legality of his sentence must raise his claims in a 28 U.S.C. § 2255 motion, while a federal prisoner attacking the execution of a sentence should raise his claims in a 28 U.S.C. § 2241 petition in the jurisdiction of incarceration. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *see United States v. Hutchings*, 835 F.2d 185 (8th Cir. 1987) (holding that a federal prisoner challenging the manner, location, or conditions of sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241); *Youngman v. United States*, 3:11-cv-03009, 2011 WL 2312092, *2-3 (D.S.D. June 10, 2011) (dismissing 28 U.S.C. § 2241 petition because it was an attack on the validity of a sentence that should have been made under 28 U.S.C. § 2255).

As set forth above, Fleming argues that his criminal conviction was unconstitutional because he is innocent, and that the facts at trial and during his plea hearing do not support his conviction. (Filing No. 1 at CM/ECF pp. 1-5; *see also* Filing No. 1-2, Attach. 2.) Such claims clearly attack the legality of Fleming's conviction and sentence and must be raised in a motion brought pursuant to 28 U.S.C. § 2255. However, even if the court were to construe Fleming's Petition as a § 2255 motion, the court would have to deny it. As set forth above, Fleming previously filed a § 2255 motion in this court and he does not argue that he has sought or received

---

[1]This is not the first time Fleming has raised the same or similar claims. (*See* Case No. 4:10CV3217, Filing No. 1.) As with this matter, Fleming initiated that previous matter in an attempt to circumvent the requirements of 28 U.S.C. § 2255. Thus, on December 15, 2012, the court dismissed that matter as frivolous and because it was an improper, successive § 2255 motion. (Case No. 4:10CV3217, Filing No. 16.) The court's Memorandum and Order dismissing that separate matter detailed the background of Fleming's criminal conviction and frivolous complaints regarding his court-appointed counsel, which the court adopts, but need not restate, here.

permission from the Eighth Circuit Court of Appeals to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h) (stating that a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals).[2]  Thus, the Petition must be dismissed.

IT IS THEREFORE ORDERED that:

1. The Petition for Writ of Habeas Corpus (filing no. 1) is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 27th day of April, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

[2] Fleming may be able to challenge his sentence or conviction in a § 2241 petition if he can demonstrate that § 2255 is "inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Here, Fleming does not argue that § 2255 is "inadequate or ineffective," nor does an independent review of the record indicate as such.

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.